I'm Allison Ho on behalf of Appellate. May it please the court. The district court reversibly erred in certifying a class in this wage and hour off-the-clock case for three independent alternative reasons. First, where as here the putative common question is an unofficial policy or practice, the existence of that unofficial policy must be proven by a preponderance of evidence before the class can be certified. The district court here expressly declined to resolve that issue, so the certification order should be reversed for that reason alone. Second, the anecdotal evidence proffered by plaintiffs falls woefully short of the critical mass needed to prove an unofficial policy. Particularly when measured against the benchmark of the Ross decision, upon which the plaintiff relies so heavily. I think if anything, Ross only highlights that plaintiff has not carried her burden of proof here. And third, the district court erroneously identified liability issues as damages issues and failed to consider those issues in the predominance analysis. That too is reversible error and provides an alternative independent reason why reversal or vacator is required in this case. I'd like to just spend a few moments talking about Ross. Because in looking at the case again, I think it actually, rather than supporting the plaintiff, and I think that was the primary case on which the district court relied. I think if anything, Ross highlights why the decision below here to certify the case was improper. In Ross, you had 102 branches. You had 96 affidavits from individuals who worked in 85 of those branches. And in 78% of those affidavits, there were allegations that their managers were instructed not to pay overtime. In this case, you have 226 branches across the state. You have 26 branches where there's only been an allegation, an allegation in some of them, of an overtime issue. So that means that in 87.5% of the branches, there was no complaint at all. And only six branches where the district court found that there was even a colorable allegation that a manager said wouldn't pay overtime. Or that there was an unofficial policy. And so I think measured against the benchmark of Ross, I think even putting the best light on the evidence, it simply falls very short of the standard required by this court and the district court in Ross. So for any of those reasons, this court must and therefore should reverse the district court's order of certification. And if there are no questions, then... Oh, there are questions. Yes, Your Honor. It came a long way to just sit down. Let's go back to your first point, the preponderance language. Because I don't quite see the preponderance language in Walmart, in that opinion that you see. The only mention of preponderance of the evidence in the whole opinion is in footnote 7, which says in a pattern or practice case, the plaintiff tries to establish by a preponderance of the evidence that discrimination was the company's standard operating procedure.  But the sentence to which the footnote refers states only that in this case, proof of commonality necessarily overlaps with respondents' merits contention that Walmart engages in a pattern or practice of discrimination. But the court doesn't say that the standard by which a party must make that proof is the same on the merits as it is in the class certification matter. And in fact, if you take a look at the Messner decision, we seem to say that the standards are not the same. Certainly, Your Honor. I have several responses. I think first, although the Supreme Court did not explicitly invoke the preponderance of evidence standard, I think the Supreme Court in Walmart and also in subsequent cases, in Comcast, in the Halliburton case, in all of those cases says whereas here there is an issue that overlaps on the merits, that you have to prove up that issue, whether it's significant proof, I believe that's the exact language that the Supreme Court used in Walmart, or a preponderance of the evidence standard. And the reason is the standard is the same as proving the requirements of each element. So in other words... Yeah, but it doesn't necessarily follow that the same level of proof is required at the class certification stage as at the actual merits stage. Respectfully, Your Honor, I think it does where, as here, the merits issue is involved and it doesn't result in an up or down vote, by which I mean, and I'll elaborate on that, I think to take Amgen, which is a good example. So Amgen is a case, I think, that the district court relied heavily on and the plaintiff does as well. In Amgen, the issue there was materiality. Did they have to prove up materiality? And the court said, well, if they prove materiality, then you have commonality. If they don't, no plaintiff has a claim. So either way, you're going to get a common answer, and I think that's the key point here, is it's not just about common questions. I think this was another point that the Supreme Court made very clear in Walmart and that it is reinforced in Comcast and Halliburton and other cases since then, is it's about a common answer. And here, even if you would have proof of an unofficial policy or practice by preponderance of the evidence, that would still not obviate the need for individual determinations on overtime in this case. So whatever the standard is, I think, as we show by comparison to Ross, the plaintiffs here did not satisfy that standard. And the district court didn't indicate those things that she thought were the same, right? If I understand your question, no. The district court expressly said, look, there's evidence here, but there may be some credibility issues, and I'm not going to resolve that. I'm just going to hold that it's capable of proof, and with respect, that's not the proper standard. I can't remember now if it was your point two or point three, but didn't the district court judge do exactly what you said should be done and weigh the evidence by creating a chart of all the potential evidence and weighing which had merit and which didn't? I see my light is on, but I'd like to go ahead and answer your question, Your Honor. No, respectfully. In fact, the court expressly said, I'm not going to decide this issue. It laid out the evidence. It made its chart, and it highlighted that the evidence could go both ways. It said, well, there is this evidence, but there also could be significant credibility or weight of the evidence issues, and the court expressly, and I don't think there was a dispute that the court did not resolve the issue. I think plaintiff acknowledges that. Thank you. Thank you. Thank you, counsel. Mr. Doyle. May it please the court, I am Thomas Doyle for Appellee Mariseli Gomez-Bell. I also represent the plaintiff class. There are some things that we can say that are first principles that apply to all of this. First, when faced with a class certification motion, the district court has to determine if Rule 23 has been met. Second, a district court has to do more than just take the plaintiff at his word and look at the evidence. And a third first principle is that there is language in many of the cases that talk about preponderance of the evidence. Now, from those first principles is where we all start to depart. PNC Bank would ask that a district court would first have to decide by a preponderance of the evidence a merits issue, whether an unofficial policy or practice on overtime existed at PNC Bank. In fact, what the district court said he was going to do, which is entirely consistent with what he did and with what the cases instructed him to do, is to decide by a preponderance of the evidence whether Rule 23 has been satisfied. Now, the questions for Rule 23 relating to the common question, the unofficial policy or practice that he first focused on, the question is can that be proven by class-wide proof? And he laid out all sorts of class-wide proof that would show that common question exists. Here's another way to look at common questions, Your Honor. If you held multiple trials, would the same plaintiffs put on the same evidence? Well, surely they would. They would put on statements from managers who said PNC Bank has a policy that we do not permit off-the-clock overtime to be recorded. That's what Ms. Flores-Poole says. That's what Ms. Ramos says. That's what the manager at the Wheaton-Donato branch says. Judge Durkan collected lots of this evidence in the course of his opinion. There isn't any question Judge Durkan did a job of weighing through all of this evidence. What happens if Ramos's testimony is thrown out? Oh, there is other evidence. There is other evidence. I assume you're suggesting if there is some reason why that hearsay statement is not permitted into court. She's deceased. She's unavailable. But we believe it would be admitted. If it's not, I think there is other evidence. There is the statements from Ms. Flores-Poole that she was not permitted by her supervisors. There is the statements from other branch managers, branch managers at the Wheaton-Donato branch. That's collected in our appendix. At the Buffalo Grove branch, where a manager says PNC Bank does not allow overtime. At the 87th and Cottage Grove branch, where a previous manager had told people they cannot have overtime on their time cards. There is all sorts of evidence in this record of the unofficial policy or practice. The other thing to keep in mind, Your Honors, is the judge did not certify a statewide class. He did a careful response to the evidence in the record in front of him. And the class here is 26 branches in the state of Illinois. That's vastly different than the situation at Walmart. Vastly different, where the glue would not hold together the class-wide claims that were alleged there. Here, there is plenty enough glue. The class here is smaller than the class in Ross, for example. Your Honors, there is enough evidence. There is enough evidence and there is enough indication to show both the things that are on a trial judge's mind. And the two things that I think are on a trial judge's mind when he looks at a common question like this is, is it something that can be proven by class-wide proof at trial? In other words, does it raise a common question? And the cases in this circuit are very clear. Common answers are not required at the class certification stage. The second thing that I think this Court has said is the courts often want to look to make sure that there is something there. That this is not a Parco v. Shell Oil case, for example, where on closer inspection, when you looked at the evidence, the class-wide issues didn't even lead to causation on behalf of the class. Here, Your Honor, the common questions plainly are substantially supported by the evidence. Judge Durkin found that. And those are the kinds of questions that could be proven at trial. He also found that they predominate. Let me ask you, sir. Yes. You had referenced the fact that the judge had narrowed the class definition to a relatively small number of branches compared to PNC's total number in Illinois. So considering that narrowing or limitation, why is there still a company-wide unofficial policy of off-the-clock work rather than looking at the situation as being the actions of these rogue employees or managers operating in violation of PNC's overtime policies? Your Honor, I think your question is asking, if the proof would say a company-wide class, why don't we do a statewide class for the state of Illinois or a nationwide class for the country? Your Honor, I think it's careful for a judge to focus only on the branches that are in front of him where he thinks that there will be class members who have suffered from this. Beyond that, Your Honor, it avoids the problem of stretching the glue too far, Your Honor. These claims on behalf of this class do hold together. They do hold together, and proving them on a representative basis makes sense here because the judge found some indication that this policy functioned in those branches. Your Honor, I think he could have, based on the evidence, he could have certified a larger class. I had a question, too. There was an issue raised by the bank as to the judge's determination with regard to certain liability issues. They argue that their liability issues became damages issues. If you could clarify the plaintiff's position with regard to that. I have two responses, Your Honor. Number one, I don't think it's helpful to label particular issues as liability or damages because we get stuck in the label. Where does, for example, fact of injury fall and the amount of overtime that a particular person had? So the label by itself is not important. The second question, Your Honor, is what has to be tried on a class-wide basis in one of these cases? And none of the cases in this circuit say that all of liability has to be decided on a class-wide basis. For example, in Butler and in Suchanick and in McReynolds, the impact and causation issues for individual class members were left for the individual proof phase. And the common questions dealt with was the washing machine defective? Were these fraudulent packaging representations on the coffee pods? Or were the policies at Merrill Lynch harmful and discriminatory? And then the individual impact, that is, the effect on individuals and their damages or their proof of loss, was left for a later phase. None of the cases require all of liability to be decided in the class-wide trial. And some individual issues, even if they're liability issues, such as causation, statute of limitations happens in some of these cases, can be put off for the non-class phase. Your Honors, if I may, for all of these reasons and the reasons set forth in our brief, we believe the district court's decision should be affirmed. Thank you. Thank you, counsel. Ms. Hall. Your Honors, just two quick points. First, it's important to emphasize that the branches in the putative class here are simply those branches where a complaint or an allegation of overtime was made. So one consequence of affirming certification in this case is that every case where an employer has a complaint procedure would be subject to class certification. Obviously, that's not the law. And we think that's a serious concern that weighs in the balance here. And second, to decide whether Rule 23 is satisfied, the court must resolve the commonality issue. And here, the only commonality issue is whether there is an unofficial policy or practice. I don't think there's any dispute that the district court did not perform that analysis. So at the minimum, we think the decision should be reversed and sent back for the court to do that analysis in the first instance if the court simply doesn't reverse and remain with instructions not to certify class. Thank you. Thank you, counsel. Thanks to both counsel in the cases taken under advisement. We move to the fifth case this morning.